UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)   Criminal No. 24-cr-10132-IT<br>SEAN PATRICK PALMER, )<br>)<br>Defendant. )<br>) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The government submits this memorandum in connection with the sentencing of defendant Sean Patrick Palmer. Palmer pleaded guilty in March 2025 to damaging The Satanic Temple ("TST") in Salem, Massachusetts, with a homemade pipe bomb in violation of 18 U.S.C. § 844(i). The government and the defendant jointly recommend that Palmer be sentenced to five years in prison and three years of supervised release. Such a sentence is in line with the applicable statutory minimum and is sufficient, but not greater than necessary, to adequately punish the defendant, promote respect for the law, and achieve general deterrence. The government is not seeking a fine because the defendant does not have the ability to pay one. Likewise, as explained in greater detail below, the government is not seeking an order of restitution because TST has not incurred losses compensable under the applicable restitution statute.

## The Advisory Sentencing Guidelines

Consistent with the parties' Plea Agreement and the June 5, 2025, Presentence Investigation Report ("PSR"), the Total Offense Level is 20. PSR ¶ 33. The defendant's Criminal History Category is I. PSR ¶ 39. Pursuant to USSG § 5G1.1(b), because the charge of conviction carries a five-year statutory minimum sentence, the Guideline sentence is 60 months. PSR ¶ 78.

**The Government's Recommendation**

On April 8, 2024, having driven halfway across the United States from his home in Oklahoma, the defendant attacked TST with a homemade pipe bomb filled with smokeless gunpowder and covered in stainless steel nails. The offense began on April 3, 2024, when Palmer purchased bomb making materials—a length of PVC pipe and nails—at a home improvement store in Oklahoma. When the defendant arrived in Salem during the early morning hours of April 8th, he parked his car off the main road a short distance from TST. After covering his head and face and placing gloves on his hands, the defendant approached TST on foot, ignited the bomb, threw it onto TST's front porch, and ran from the scene. It was only by sheer luck that the bomb malfunctioned and did not fully detonate. TST, therefore, was spared significant damage.



A TST employee arriving for work later that morning discovered the bomb. A sprawling investigation ensued that, days later, led back to the defendant at his home in Oklahoma. During his post-arrest interview, when asked pointedly whether he was responsible for the attack, the defendant declined to answer.

Regardless of his motive, the dangerousness of the defendant's conduct cannot be overstated. That TST did not incur devastating damage owes more to pure luck—and perhaps also the defendant's novice bomb making skills—than it does a lack of intent by the defendant. This alone warrants weighty punishment. The fact that the defendant's crime was deliberate and preplanned and that he purposely sought to avoid detection only adds its severity. A sentence of 60 months is sufficient, but not greater than necessary, to account for the seriousness of the defendant's crime, to adequately punish the defendant, and to promote respect for the law.

The need for general deterrence also cannot be overstated. TST has been the unfortunate target of numerous other threats and vandalisms (although nothing as serious as Palmer's attack). *See, e.g.,* https://www.nhpr.org/nh-news/2024-12-10/satanic-temple-concord-holiday-display-state-house-first-amendment; https://www.desmoinesregister.com/story/news/crime-andcourts/2024/01/30/iowa-capitol-satanic-statue-vandalism-hate-crime-michael-cassidy-mississippi/72413585007. A sentence of 60 months will send the necessary deterrent message that *all* religious-based attacks will be met with significant punishment.

## **Restitution**

Restitution in this matter is governed by the general restitution statute, 18 U.S.C. § 3663A. That statute limits restitution to defined categories of losses incurred by the victim, including losses associated with property damage, and lost income and expenses "related to participation in the investigation or prosecution of the offense…." 18 U.S.C. §§ 3663A(a)(4)(A) and (b)(1). Although TST has, without question, suffered pecuniary losses related to the defendant's conduct, *see*

Addendum to PSR at p.22, none of those losses appear to fit within the narrow limitations of Section 3663A.

## Conclusion

The government respectfully asks the Court to sentence the defendant to 60 months in prison and 36 months of supervised release.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

*/s/ Jason A. Casey*
Jason A. Casey
Assistant U.S. Attorney

Date: June 8, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

*/s/ Jason A. Casey*
Jason A. Casey
Assistant U.S. Attorney